**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-52(1) |
| | § | C.A. No. C-06-144 |
| GILBERTO RODRIGUEZ-LOPEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Gilberto Rodriguez-Lopez's ("Rodriguez") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 30).[1]  Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 38, 39).

On November 21, 2006, the Court held an evidentiary hearing to address two of Rodriguez's six grounds for relief.  Specifically, the Court's prior order setting the hearing indicated that the following issues would be addressed at the hearing: 1) whether Rodriguez was denied the effective assistance of counsel due to his counsel's alleged failure to appeal; and 2) whether Rodriguez was coerced into signing a form indicating that he did not want to appeal. (<u>See generally</u> D.E. 41). Rodriguez was represented at the hearing by appointed counsel, Fred Jimenez.  For the reasons set forth on the record at the conclusion of the hearing, and for the reasons set forth in more detail herein, the Court denies Rodriguez's motion.  The Court also denies Rodriguez a COA.

---

[1] Docket entry references are to the criminal case, CR. No. C-05-52.

1

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

**A.    Summary of Offense[2]**

On January 17, 2005, Freer, Texas police encountered Rodriguez as a passenger in a Ford pickup truck being driven by Guillermo Rodriguez-Guerrero.  Rodriguez was determined to be an undocumented alien who had previously been deported on February 20, 2001 and July 27, 2003. Rodriguez advised that he was en route to Victoria, Texas, where he intended to seek employment. A records search revealed that Rodriguez did not file an application for permission to re-enter the United States with either the United States Attorney General's office or the Secretary of Homeland Security.

**B.    Criminal Proceedings**

On January 26, 2005, Rodriguez was charged in a single-count indictment with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8).  On February 28, 2005, Rodriguez pleaded guilty.  (D.E. 14).  There was no plea agreement.  (D.E. 14).

Pursuant to this Court's Order, the probation department prepared a Presentence Investigation Report ("PSR").  (D.E. 15, 16).  The PSR determined that Rodriguez's base offense level was 8. (PSR at ¶ 10).  It then added sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Rodriguez was previously deported after a conviction for a felony that is an alien smuggling offense. (Id. at ¶ 11). The PSR also recommended a three-level adjustment for acceptance of responsibility, resulting in a

---

[2]  The factual summary of the offense is taken from the Presentence Investigation Report at ¶¶ 4-5.

total offense level of 21.  (Id. at ¶ 19).  When coupled with his criminal history category of II, his resulting guideline sentence was 41 to 51 months. (PSR at ¶ 22, 33).

Rodriguez was sentenced on November 3, 2005.  His appointed counsel, Rene C. Flores of the Office of the Federal Public Defender, objected to the 16-level enhancement on the grounds that it was unconstitutional to sentence him to more than two years under Apprendi v. New Jersey, 530 U.S. 466 (2000), because his prior conviction has not been properly proven.  His counsel acknowledged that his argument was not consistent with then-existing Fifth Circuit or Supreme Court precedent, but stated that he was raising the issue in the hopes that the Supreme Court might reconsider.  (D.E. 35, Sentencing Transcript ("S. Tr.") at 4-5).  This Court overruled the objection. (S. Tr. at 5).

The government recommended a sentence of 46 months, which was at the middle of the guideline range, and Flores asked for a sentence at the lowest end of the guideline range, 41 months. (S. Tr. at 6-7).  The Court sentenced Rodriguez to 49 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (S. Tr. at 7-8; D.E. 27, 28).  Judgment was entered on November 8, 2005.  (D.E. 28).  Rodriguez did not appeal.

Rodriguez's § 2255 motion was received by the Clerk on March 29, 2006. (D.E. 30).  It is timely.  After seeking and receiving a motion for extension of time to appeal, the government filed a response and motion to dismiss on June 9, 2006.  (D.E. 37-40).

**C.     Evidentiary Hearing**

On November 21, 2006, the Court held an evidentiary hearing to address two of Rodriguez's claims. The only witness called at the evidentiary hearing was Rodriguez himself.  He testified

3

inconsistently with the allegations in his § 2255 motion. Specifically, at the hearing he admitted that Flores had consulted with him about his appellate rights, and conceded that he had never asked Flores to appeal. He further testified that the only "coercion" he experienced was that Flores had told him it was possible that he could get a higher sentence if he appealed. He testified that Flores did not tell him it was a certainty, but that it was one of the things that could happen. He also candidly admitted that the decision not to appeal was his decision alone.

Notably, Rodriguez's testimony was consistent with the testimony in Flores' affidavit, submitted by the government as part of its response. In his affidavit, Flores avers as follows:

> With regard to the allegation that I failed to prosecute the appeal after he requested it, this simply is not true. Mr. Rodriguez-Lopez never requested that I appeal. I conferred with him regarding his right to appeal the day Mr. Rodriguez-Lopez was sentenced. Mr. Rodriguez-Lopez ask [sic] me if it was possible he could get more time if he appealed. I told him it was possible, especially considering that his psychiatric report stated he was malingering, and the trial judge did not assess any points for obstruction of justice, which she could have done. However, Mr. Rodriguez-Lopez chose not to appeal out of his own free will, and his signature and initialing of the attached Federal Public Defender's "Decision Regarding My Appeal" form (Spanish version), indicating that he did not want to appeal ... was, in my opinion, voluntary. Mr. Rodriguez-Lopez, in fact, waived his right to appeal, both orally and in writing to me.

(D.E. 39, Flores Aff. at ¶ 9). Additionally, Flores includes a form in Spanish (along with an English translation) signed by Rodriguez, which states that he does not want to appeal.

As the Court noted at the conclusion of the hearing, Rodriguez's testimony at the hearing shows that he is not entitled to relief on his first or third claim. Based on Rodriguez's testimony at the hearing, especially when coupled with Flores' affidavit, the Court finds that Flores consulted with Rodriguez as to his appellate rights, that he never asked Flores to appeal, and that Flores did not coerce him into signing the form declining to appeal.

4

### III.  MOVANT'S ALLEGATIONS

As noted in the order setting the evidentiary hearing, Rodriguez's written § 2255 motion lists six grounds for relief.  First, he alleges that his counsel, Flores, was constitutionally ineffective because he failed to file an appeal after Rodriguez asked him to do so.  Second, Rodriguez alleges that the Court failed to advise him of his right to appeal.  His third ground for relief is related to his first. In his third ground, he claims that Flores "coerced" him into signing a paper stating that he did not want to appeal, by telling Rodriguez that he would receive a longer sentence if he appealed.

His fourth, fifth, and sixth grounds for relief all concern alleged violations of his rights at sentencing.  In his fourth ground, he claims that his counsel failed to "pursue minor role on prior conviction." [sic] (D.E. 30 at 5).  In his fifth ground for relief, he claims that his sentence was improperly enhanced, relying on Blakely v. Washington, 542 U.S. 296 (2004).[3] (D.E. 30 at 5; D.E. 31 at 8-9).  Sixth and finally, he claims that his counsel was constitutionally deficient because he failed to challenge the Court's imposition of a sentence, and because his counsel failed to present to the Court "Movant's letters of mitigating circumstances from family members and friends," (D.E. 31 at 11), copies of which are attached to his § 2255 motion.  (D.E. 31 at Appendix A).

### IV.  ANALYSIS

**A.  First, Second and Third Grounds for Relief:
Issues Regarding Rodriguez's Right to Appeal**

**1.  Counsel's Alleged Failure to Appeal**

As noted, in Rodriguez's first ground for relief, he claims that he was denied the effective assistance of counsel, because he asked Flores to file an appeal on his behalf, and Flores failed to

---

[3] The holding in Blakely was extended to the federal guidelines in United States v. Booker, 543 U.S. 220 (2005).

appeal. When evaluating an ineffective assistance claim based upon counsel's alleged failure to file an appeal, this Court is guided by Roe v. Flores-Ortega, 528 U.S. 470 (2000). That case explains that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is deficient. Flores-Ortega, 528 U.S. at 478. Despite the allegations in his written motion, however, Rodriguez candidly admitted during the evidentiary hearing that he never asked Flores to appeal. Accordingly, the fact that Flores did not file an appeal was not *per se* deficient, because the Court finds that Rodriguez never asked him to appeal. See id.

The Court turns next, then, to the issue of whether Flores **consulted** with Rodriguez about his appellate rights. As explained by the Supreme Court in Flores-Ortega:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . . If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

528 U.S. at 478.

Flores testified that he consulted with Rodriguez concerning his appellate rights. (D.E. 39, Flores Aff. at ¶ 9). Moreover, Rodriguez testified at the evidentiary hearing that he discussed with his attorney his right to appeal. According to Rodriguez, after Flores explained that Rodriguez could receive a high sentence if he appealed, he decided not to appeal. Accordingly, the Court concludes that Flores did consult with Rodriguez about his appellate rights and thus was not deficient. For these reasons, Rodriguez's claim that he was denied effective assistance of counsel due his counsel's failure to appeal fails on the plain record of this case.

6

### 2.     Court's Alleged Failure to Advise Rodriguez of Appellate Rights

Similarly, Rodriguez's second ground for relief, wherein he alleges that the Court failed to advise him of his right to appeal, is also flatly contradicted by the record. At the conclusion of his sentencing, the Court admonished Rodriguez:

> THE COURT: ... You have a right, sir, to appeal the sentence of this Court by filing a written notice of appeal within ten days of today's date. If you cannot afford an attorney one will be appointed to represent you. You've already qualified for court-appointed counsel so you don't have to fill out the form again under oath listing your assets and liabilities. Do you understand this right to appeal?
>
> THE DEFENDANT: Yes.

S. Tr. at 7-8. Moreover, Rodriguez affirmed at the evidentiary hearing that the Court had informed him at the conclusion of his sentencing that he had a right to appeal. His claim to the contrary is frivolous and is denied.

### 3.     Alleged "Coercion" in Declining to Exercise Appellate Right

In his third ground for relief, Rodriguez claims that Flores "coerced" him into signing a paper stating that he did not want to appeal. As with his first and second grounds for relief, Rodriguez's third claim fails based on his own testimony at the evidentiary hearing. As noted supra at 3-4, Rodriguez testified that the only "coercion" was that Flores had told him it was possible that he could get a higher sentence if he appealed. He testified that Flores did not tell him it was a certainty, but that it was one of the things that could happen. He also candidly admitted that the decision not to appeal was his decision alone, further indicating no coercion existed.

For all of these reasons, and for the reasons stated by the Court at the conclusion of the evidentiary hearing, Rodriguez's third ground for relief is also denied.

**B.     Fourth, Fifth and Sixth Grounds for Relief:
        Issues Related to Rodriguez's Sentencing**

    **1.     Counsel's Alleged Failure to Pursue a "Minor Role" Reduction in a Prior Conviction**

Rodriguez's fourth ground for relief is difficult to understand. He appears to be claiming that his counsel should have pursued a minor role adjustment for Rodriguez under U.S.S.G. § 3B1.2. As Flores correctly notes, § 3B1.2 does not apply in illegal re-entry cases. (See D.E. 39, Flores Aff. at ¶ 10). Likewise, to the extent that Rodriguez is claiming he should have received a "minor role" reduction in *this* case because his role in his *prior* offense was minor, that is not an argument supported by the guidelines or by law. To the extent that he is claiming that he should have received a minor role adjustment during sentencing in his earlier case in which he was convicted for smuggling aliens, that claim should have been raised in the prior case at sentencing and on appeal, not in the instant § 2255 motion. For all of these reasons, Rodriguez's fourth ground does not entitle him to relief.

    **2.     Alleged Improper Enhancement of Sentence**

Rodriguez's fifth ground for relief is that the Court improperly enhanced his sentence, in violation of Blakely, 542 U.S. 296 (2004). As an initial matter, this claim is barred because Rodriguez failed to raise it on appeal. Where a defendant fails to pursue an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381,

384 (5th Cir. 1999).

Rodriguez's failure to raise this ground on appeal precludes its consideration as part of his § 2255 motion, then, unless he can demonstrate either "cause and prejudice" or "actual innocence." Bousley, supra; Jones, supra. Rodriguez does not assert that he is actually innocent. Further, he offers no valid explanation as to why he failed to appeal. Thus, he has not shown cause and prejudice and his fifth ground for relief fails because it is procedurally barred.

Moreover, even if it were properly before the Court, the claim fails as a matter of law. The only enhancement to Rodriguez's sentence was the sixteen-level enhancement for his prior conviction, pursuant to 8 U.S.C. § 1326(b). He essentially seems to be arguing that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998)[4] was wrongly decided and that it should be reconsidered and overruled.[5]

As an initial matter, the Court notes that it cannot overturn Supreme Court precedent. Thus,

---

[4] In Almendarez-Torres, a case decided prior to Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court rejected claims that the enhancement provisions of § 1326(b) were unconstitutional. Specifically, the Supreme Court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. 523 U.S. at 235. Thus, the Almendarez-Torres court concluded that it was not necessary for the factor to be contained in the indictment or found by a jury beyond a reasonable doubt. This case was the genesis of the prior conviction exception to the rule of Apprendi. See Apprendi, 530 U.S. at 487-90 (calling Almendarez-Torres an "exceptional departure," but declining to revisit the issue and treating the case as a "narrow exception" to the general rule set forth in Apprendi).

[5] Shortly before Rodriguez's sentencing, Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, espoused the same view:

> Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (THOMAS, J., concurring). Rodriguez's counsel referenced the Shepard decision in his objections at Rodriguez's sentencing. (S. Tr. at 4-5).

even if this Court agreed with his argument, it would be powerless to grant him relief. Moreover, the Supreme Court's recent decisions have continued to reaffirm that the fact of a prior conviction is explicitly exempted from the Apprendi rule. See, e.g., Apprendi, 530 U.S. at 490 ("**Other than the fact of a prior conviction**, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). Indeed, in both Blakely and Booker, the Supreme Court explicitly noted an exception for the fact of a prior conviction. See, e.g., Blakely, 542 U.S. at 301 (quoting same passage from Apprendi); Booker, 543 U.S. at 244 ("we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). But see supra note 5.

Moreover, it is worth noting that Flores, Rodriguez's counsel objected to the enhancement on this ground. See S. Tr. at 4-5. But Flores also correctly recognized that, at the time of sentencing, the Fifth Circuit law was that such an enhancement was proper and not a violation of Blakely. That continues to be the law today. Indeed, the Fifth Circuit has repeatedly upheld the continuing viability of Almendarez-Torres. See, e.g., United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005) (Almendarez-Torres remains binding); United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (same).

For all of these reasons, Rodriguez's fifth claim fails as a matter of law.

### 3. Counsel's Alleged Failure to Seek A Lower Sentence and Present Mitigating Circumstances

Rodriguez's claim of ineffective assistance of counsel at sentencing are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United

States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). In order for Rodriguez to show that he suffered prejudice as to a sentencing issue, he must show that there is a reasonable probability that but for counsel's alleged errors, he would have received a lesser sentence. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000).

Rodriguez alleges that his counsel failed to point out to the Court that Rodriguez could receive the minimum sentence in his guideline range. This claim is belied by the record. As noted, Flores asked for a 41-month sentence for his client (S. Tr. at 6-7), but the Court did not impose a sentence at the lowest end of the guidelines. Instead, it elected to impose a 49-month sentence, near the high end of the guidelines, because of Rodriguez's "continued refusal to stay out of this country" and because he "got away with coming back in on federal supervision before." (S. Tr. at 7-8).

Rodriguez also alleges that his counsel provided ineffective assistance by failing to present to the Court letters from family members and others setting forth mitigating circumstances. In his affidavit, Flores responds to this allegation:

11

> With regard to my failure to present the court letters of mitigating circumstances, I chose not to present them because, based on my experience in that court, they did not appear to allege extraordinary facts that would sway the court, and could have in fact resulted in Mr. Rodriguez-Lopez getting a higher sentence. The reason is that when I spoke to Mr. Rodriguez-Lopez the day of the sentencing, he continued to insist that he didn't remember pleading guilty, or the facts of this case. I told him that I thought he was malingering and that he better "fly right" or else the judge was going to give him more time than even suggested in the guidelines. Mr. Rodriguez-Lopez appeared to understand, but my strategy was to say as little as possible at sentencing in hopes of avoiding any situation with the judge that might make her assess Mr. Rodriguez-Lopez points for obstruction of justice. Therefore, I chose not to present the letters as a hearing strategy. I believe I was successful in that regard in that Mr. Rodriguez-Lopez did not receive obstruction of justice points.

(D.E. 39, Flores Aff. at ¶ 13).

In determining whether a counsel's conduct is deficient, the Fifth Circuit has cautioned that attorneys should not be subjected to unrealistic standards and that, when reviewing a § 2255 motion, "the acuity of hindsight is not our proper lens." United States v. Faubion, 19 F.3d 226, (5th Cir. 1994). Keeping that standard in mind, this Court concludes that Flores' decision not to present the letters to the Court was not objectively unreasonable. Thus, Rodriguez cannot establish that his counsel was deficient on this ground. This claim, too, fails.

Because the Court has concluded that Rodriguez is not entitled to relief as to any of his claims, the government's motion to dismiss is GRANTED and Rodriguez's motion pursuant to 28 U.S.C. § 2255 is DENIED.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez has not yet filed a notice of appeal, this Court nonetheless

addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Rodriguez is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of any of his claims on the merits.

## V.  CONCLUSION

For the foregoing reasons, the United States' motions to dismiss (D.E. 39) is GRANTED and Rodriguez's motion pursuant to 28 U.S.C. § 2255 (D.E. 30) is DENIED.  Rodriguez is also denied a Certificate of Appealability.

It is so ORDERED this 21st day of December, 2006.

_____
Janis Graham Jack
United States District Judge